Michael P. Moran } 
vs. } P. A. No. 1214. 
Alice H. Moran }

September 4, 1931.

CARPENTER, J. This is an appeal from the decree of the Probate Court of the City of Pawtucket wherein the will of Thomas J. Moran was allowed and letters testamentary issued to Alice H. Moran, the executrix named in said will.

There were nine reasons of appeal set forth in the reasons of appeal signed and filed in this court, but upon trial of the case before a jury the main reason that was urged was that said will was made by said Thomas J. Moran while under the undue influence of his wife, Alice H. Moran.

The jury returned a verdict sustaining the will and found that the will that was presented in evidence was the last will and testament of Thomas J. Moran. A motion for a new trial was thereupon filed and the matter is now before the Court upon said motion.

The motion alleges seven reasons why said motion should be granted by this Court. The first five are the usual reasons, and the sixth reason alleged why the Court should grant the motion for a new trial is that the appellants have discovered new and material evidence. This reason was apparently abandoned at the hearing, as no affidavits were presented to the Court as to what the new evidence was.

It appeared from the evidence that Thomas J. Moran, together with one Mr. Beekman, conducted several shoe stores in this State and in the vicinity; that they had conducted the business so well that both Mr. Moran and Mr. Beekman had accumulated very large fortunes. The business that they conducted was incorporated, Mr. Moran and his wife and Mr. Beekman and his wife each owning about one quarter of the stock. On the 24th of February, 1923, Mr. Thomas J. Moran executed a will whereby he gave all of his property to his wife, Alice H. Moran. The will was drawn by the late Hon. James H. Higgins and witnessed by Mary Murphy, who was a stenographer in the office of Governor Higgins, and John E. Connolly, a member of the bar who was connected with Governor Higgins' office. It appeared that about the same time Mrs. Moran executed a will leaving all of her property to her husband, Thomas J. Moran. Mrs. Moran testified that this will had been destroyed, and it was not presented to the Court or to the jury. Mr. Moran died on the 3rd of June, 1930, a little over seven years after the will had been executed.

During all the time from the date of the execution of the will to the date of Mr. Moran's death, the will of Thomas J. Moran had been in his possession or under his control. Mrs. Moran testified that she did not see the will more than once or twice, and that Mr. Moran had informed her at the time of the making of the will as to its contents. Mrs. Devlin, a stenographer in the office of Governor Higgins, testified that when Mr. Moran came to have the will drawn and executed, he came alone.

There was considerable evidence as to the habits of Mr. Moran, as to his sagacity in business and as to the manner in which he ran the stores and purchased large amounts of merchandise. There was no evidence presented to the Court to dispute the fact that Mr. Moran was of testamentary capacity, and that he and his wife lived happily together at least up to a short time before his death, when it appeared that there was some friction between Mr. and Mrs. Moran in regard to the habits of Mr. Moran, who a short time before his death had become addicted to the use of liquor to a considerable extent and apparently died from the results of the use of liquor. There was no evidence produced that Mrs. Moran even influenced her husband to draw the will that he did, although it would be most natural for her to influence him to leave the property in the manner in which he did, she being his wife and they having no children.

It seems to the Court that this case presents a picture of the most natural thing for a man to do, that of leaving all of his property to his wife, there being no children or near relatives who could claim any bounty from Mr. Moran.

The Court feels that substantial justice has been done in this case and the motion for a new trial is denied.

For appellant: McElroy & Fallon.

For appellee: Littlefield, Otis & Knowles.